**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**MEKALE DUCKSWORTH**                                                                                  **PLAINTIFF**

V.                                                                              **CIVIL ACTION NO. 2:20-cv-114-KS-MTP**

**CITY OF LAUREL,
MISSISSIPPI, et al.**                                                                                **DEFENDANTS**

<u>**MEMORANDUM OPINION AND ORDER**</u>

**I.    BACKGROUND**

This cause comes before the Court on Plaintiff's Motion for Attorney Fees [59]. Defendant has filed a Response [62]. Plaintiff has filed a Reply [63]. Accordingly, having reviewed the parties' submissions, the relevant rules and legal authorities, and otherwise being duly advised in the premises, for the reasons set forth herein, the Court finds that Plaintiff's motion is granted in part and denied in part.

**A. Facts**

This case arises from an incident between Mekale Ducksworth ("Plaintiff") and several defendant police officers. After the incident, the defendant police officers arrested Plaintiff. The City charged him with failure to comply with an officer's order or direction. Defendant Landrum submitted an affidavit in which he claimed Plaintiff "unlawfully and willfully refuse[d] to comply with the commands of Officer Justin Landrum . . . by failing to leave [Rainforest Car Wash] when asked to do so…." [21-4]. Landrum later admitted at Plaintiff's trial that the affidavit was inaccurate, and that he had not, in fact, commanded Plaintiff to leave the premises. [21-5], at p.

46-47, 50. Defendant Landrum also submitted an Offense/Incident Report and a Use of Force Report in which he stated that the car wash's attendant told the officers that Plaintiff "refused to leave the car wash . . . ." [21-2], at p. 3, 11. At Plaintiff's trial, Landrum admitted that any statements from his reports that Plaintiff "refused to leave the car wash when the staff asked him to leave" were inaccurate. [21-5], at p. 50. He likewise admitted that the attendant said Plaintiff could stay "if he behaves like he is doing now." *Id.* at 51. A municipal judge ultimately found Plaintiff not guilty.

After the trial, Plaintiff filed this lawsuit against the individual officers and the City of Laurel, asserting a variety of claims under 42 U.S.C. § 1983 and state law. In his Complaint [1-2], Plaintiff alleges seven causes of action. The first six (Unlawful Seizure, First Amendment, False Imprisonment, Excessive Force, Equal Protection, Race Discrimination) are related to the original incident with the police officers. *Id.* at p. 16-23. The seventh, Fabrication or Misrepresentation of Evidence, arises from Defendant Landrum's false statements. *Id.* at p. 23. This case was tried before a jury in June 2023. The Plaintiff won on his claim for fabrication of evidence but lost all other claims, and the jury awarded $5,000.00 in damages. [45]. Plaintiff now requests $79,033.26 in attorney's fees and $983.26 in expenses. [59-1], [60].

II.     **DISCUSSION**

  **A. Legal Standard and Applicable Law**

42 U.S.C.A. § 1988(b) provides

> In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92-318, the Religious Freedom Restoration Act of 1993, the Religious Land Use and Institutionalized Persons Act of 2000, title VI of the Civil Rights Act of 1964, or section 12361 of Title 34, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs….

To be a prevailing party, the party must "'succeed on any significant issue in litigation which

achieves some of the benefit the parties sought in bringing suit . . . .'" *E.E.O.C. v. Clear Lake Dodge*, 60 F.3d 1146, 1153 n.9 (5th Cir. 1995) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433. The product of the hours worked multiplied by the hourly rate is the "lodestar." *Mid-Continent Cas. Co. v. Chevron Pipe Line Co.*, 205 F.3d 222, 232 (5th Cir. 2000).

The Court may then adjust the lodestar based on twelve factors. *See Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998); *Mid-Continent Cas. Co.*, 205 F.3d at 231-34. The twelve factors for the Court to consider are:

> (1) the time and labor required for the litigation; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Migis*, 135 F.3d at 1047; *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974) (abrogated on other grounds by *Blanchard v. Bergeron*, 489 U.S. 87 (1989)). "[T]he court should give special heed to the time and labor involved, the customary fee, the amount involved and the result obtained, and the experience, reputation and ability of counsel." *Migis*, 135 F.3d at 1047. The Supreme Court said, "'the **most critical factor**' in determining the reasonableness of a fee award in a civil rights suit 'is the **degree of success obtained**.'" *Id.* (quoting *Farrar v. Hobby*, 506 U.S. 103, 114 (1992)). "[T]he district court has discretion in determining the amount of a fee award." *Hensley*, 461 U.S. at 437.

**B. Analysis**

3

Plaintiff requests attorney's fees at a rate of $250 per hour for 316.50 hours. [60] at p. 4, 6. This hourly rate is supported by affidavits, [59-2], [59-3], [59-4], [59-5], [59-6], [59-7], and not contested by Defendant, *see* [62]. The Court finds this is a reasonable hourly rate. As to the factor "results obtained," the Supreme Court explained,

> In some cases a plaintiff may present in one lawsuit distinctly different claims for relief that are based on different facts and legal theories. In such a suit even where the claims are brought against the same defendants—often an institution and its officers, as in this case—counsel's work on one claim will be unrelated to his work on another claim. Accordingly, work on an unsuccessful claim cannot be deemed to have been 'expended in pursuit of the ultimate result achieved.' The congressional intent to limit awards to prevailing parties requires that these unrelated claims be treated as if they had been raised in separate lawsuits, and therefore no fee may be awarded for services on the unsuccessful claim.

*Hensley*, 461 U.S. at 434-35 (quoting *Davis v. County of Los Angeles*, 8 E.P.D. ¶ 9444, 5049, 1974 WL 180, *3 (C.D. Cal. 1974)). In other words,

> "[w]here the plaintiff has failed to prevail on a claim *that is distinct in all respects* from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee." However, when claims for relief involve common facts or are based on related legal theories, much of counsel's time will be devoted to the litigation as a whole, making it difficult to allocate the hours expended on a claim-by-claim basis.

*Canaski v. MID Mississippi Properties, Inc.*, 2017 WL 4531690, *7 (S.D. Miss. 2017) (first quoting *Hensley*, 461 U.S. at 440 and then citing *Hensley*, 461 U.S. at 435).

Here, Plaintiff had seven counts in his initial complaint. [1-2] at p. 12-25. The first six related to the underlying incident with the police. *Id.* The seventh, fabrication of evidence, was based upon Defendant Landrum's false statements. *Id.* at 23. During Plaintiff's trial in state court, Defendant Landrum admitted to submitting false statements. [21-5] at p. 46-47, 50. Following trial in this Court, Plaintiff won only on the fabrication of evidence claim, and the jury awarded $5,000.00 in damages. [45].

Based upon the Court's understanding of the facts of this case as well as its discretion in awarding attorney's fees, the Court finds that a reduction in attorney fees by 75% is proper. The

counts in the Complaint can easily be divided into counts arising from the original incident with police and the one count arising from Defendant Landrum submitting false statements. Plaintiff cannot be awarded fees based on his unsuccessful and unrelated claims. Moreover, a reduction by 75% is consistent with the Fifth Circuit in *Migis*, 135 F.3d at 1041. In that case, the Fifth Circuit held that an attorney's fee award of six and one-half times the amount of damages awarded was excessive. *Id.* at 1048. Here, a 75% reduction will equal $19,758.32 in attorney's fees, which is about 4 times the amount of damages awarded.

As to the other factors, the Court finds that none of them warrant a further adjustment of attorney's fees. Up to this point, the Court has already considered factors one, three, five, eight, and nine. As to the sixth factor, "'the contingent nature of the case cannot serve as a basis for enhancement of attorneys' fees,' and thus the contingent nature of [the] fee agreement here does not affect the award." *Canaski*, 2017 WL 4531690 at *7 (quoting *Shipes v. Trinity Industries*, 987 F.2d 311, 323 (5th Cir. 1993)) Plaintiff admits factors four and seven are inapplicable in this case. [60] at p. 4. As to the remaining factors, the Court notes "Plaintiff has the burden of proving his entitlement to an award for attorney's fees just as he would bear the burden of proving a claim for any other money judgment." *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 720 (5th Cir. 1974). The Court finds that Plaintiff has failed to meet his burden as to all remaining factors.

Plaintiff also requests $983.26 in expenses for Johnson, Ratliff & Waide, PLLC. [60] at p. 7.  Defendant did not contest this amount or the itemization. *See* [62]. The Fifth Circuit said, "[t]he trial court 'has wide discretion with regard to the costs in a case and may order each party to bear his own costs.'" *Migis*, 135 F.3d at 1049 (quoting *Hall v. State Farm Fire & Cas. Co.*, 937 F.2d 210, 216 (5th Cir. 1991)). Because this Court has discretion in awarding costs and Defendant did not contest the amount or itemization of the expenses, the Court awards $983.26 in expenses.

### III.     CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons stated herein, the Motion for Attorney Fees [59] filed by Plaintiff is **GRANTED IN PART AND DENIED IN PART**. Plaintiff is awarded $19,758.32 in attorney's fees and $983.26 in expenses for a total of $20,741.58.

SO ORDERED AND ADJUDGED this 7th day of February, 2024.

/s/ Keith Starrett
KEITH STARRETT
UNITED STATES DISTRICT JUDGE